UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANNE A. DUBOIS,

        Plaintiff,

-against-

COHEN & SLAMOWITZ, LLP, METRO
PORFOLIOS, INC., J & E PROCESS SERVICES,
INC., and ROBERTO LAGOS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF Case
Docket Number 07CV7739 (LLS)

**COMPLAINT**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. This is an action for actual and statutory damages and declaratory judgment brought by Plaintiff Anne A. DuBois, an individual consumer, against Defendants Cohen & Slamowitz, Metro Portfolios, J & E Process Services, Inc., and Roberto Lagos for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), New York General Business Law § 349, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this District is proper, pursuant to 28 U.S.C. § 1391(b) and § 1391(c), because a substantial part of the events giving rise to the claim occurred in this District, and Defendants transact business here.

## III. PARTIES

4. Plaintiff Anne A. DuBois is a natural person, who resides at 29 Chittenden Ave., Apartment #2A, New York, NY 10033.

5. Plaintiff DuBois is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3), in that the alleged debt that the Defendants sought to collect from her was a consumer debt, purportedly owed to Metro Portfolios, Inc., as assignee of Providian Financial Corp.

6. Defendant Cohen & Slamowitz, LLP is a limited liability partnership with its principal place of business at 199 Crossways Park Drive, Woodbury, NY 11797-9004. Cohen & Slamowitz is regularly engaged in the business of collecting consumer debts in this state by filing civil collection lawsuits on behalf of its clients, who are also debt collectors.

7. Defendant Metro Portfolios, Inc. is a corporation engaged in the business of collecting debt in this state, with its principal place of business located at 199 Crossways Park Drive, Woodbury, NY 11797-9004.

8. Defendant J & E Process Services, Inc., is a corporation engaged in the business of legal service process, with its principal place of business located at 35 McDougal Drive, N. White Plains, NY 10603.

9. At the time the events giving rise to this claim occurred, Defendant Roberto Lagos was an employee of J & E Process Services, Inc.

10. Defendants Metro Portfolios, Inc. and Cohen & Slamowitz are debt collectors as defined by FDCPA, 15 U.S.C. § 1692a(6), and by the New York City Administrative Code § 20-489(a).

## IV. FACTUAL ALLEGATIONS

*Frozen Bank Account*

11. On or about Friday, October 27, 2006, Plaintiff Anne A. DuBois attempted to withdraw money from her checking and savings accounts from an ATM, but she was denied access to her funds. She had no cash on her, and had to use change to pay for food for the rest of the weekend.

12. Plaintiff attempted to contact her bank over the weekend by phone, but could not get through to a live person.

13. The following Monday, Plaintiff went to a bank branch in midtown Manhattan to inquire in person why there was a problem with her accounts. A bank teller informed Plaintiff that her accounts were inaccessible because the bank had received a restraining notice from Defendant Cohen & Slamowitz, LLP, instructing the bank to freeze her accounts.

14. The funds in Plaintiff DuBois's accounts at that time consisted of Supplemental Security Income (SSI) and earned income, which are exempt from collection, pursuant to 42 U.S.C. § 407 and N.Y. Social Services Law § 137-a.

15. Plaintiff lives month to month on her SSI check, as it is her main source of income, and she does not have any assets.

16. While Plaintiff's bank account was frozen, she was unable to pay her utility bills or her rent; she was unable to purchase food or medicine; and she incurred bank fees for returned checks. Plaintiff also was forced to use a check-cashing facility to cash a check from her employer, which charged her a substantial fee.

*Default Judgment*

17. Through a representative from her bank, Plaintiff DuBois discovered that a default judgment had been entered against her on September 5, 2006 in a civil court action commenced in Rye, New York. The action, *Metro Portfolios, Inc. v. Anne A. DuBois*, 155/06, was brought by Cohen & Slamowitz, LLP to collect a debt Plaintiff allegedly incurred on a Providian credit card, and which was later allegedly assigned to Metro Portfolios, Inc. Defendants used this default judgment to restrain Plaintiff's bank accounts.

18. Plaintiff has never had a Providian credit card.

19. Plaintiff was never served with a summons and complaint in the civil court action.

20. Pursuant to NY CLPR § 308(1) and (2), personal service upon a natural person can be made "by delivering the summons within the state to the person to be served," or "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business. . . ."

21. According to the affidavit of service filed in the civil court action, the process server hired by Defendant Cohen & Slamowitz was Defendant Roberto Lagos, who was employed at the time by Defendant J & E Process Services, Inc. Defendant Roberto Lagos allegedly served Plaintiff by delivering the summons to a person of suitable age and discretion at Plaintiff's actual dwelling place. Lagos swore under oath that he served Plaintiff's "co-tenant" at Plaintiff's "dwelling place" at 222 Purchase St. Apt. 193, Rye,

New York 10580 on June 22, 2006. According to the affidavit, Defendant Lagos then mailed a copy of the court papers to Plaintiff's "residence" at the same address on June 26, 2006.

22. Plaintiff DuBois never lived at 222 Purchase St. Apt. 193, Rye, New York 10580.

23. Upon information and belief, this address is not an apartment, but instead, is the location of a UPS Store, which rents mailboxes to the public for the delivery of mail. Upon information and belief, this UPS Store previously was a Mailboxes, Etc. store, which provides similar services.

24. Plaintiff lived at 331 E. 29th St., New York, NY 10016 from spring of 2002 until August of 2005, when she moved to 29 Chittenden Ave., Apartment #2A, New York, NY 10033, where she still resides.

25. For a few months, in or about fall of 2001, Plaintiff DuBois rented a mailbox at the Mailboxes, Etc. at 222 Purchase St. in Rye, New York.

*Attempts to Resolve Problem*

26. Upon discovering the existence of the default judgment, Plaintiff attempted numerous times to contact an attorney from Defendant Cohen & Slamowtiz's office by phone to explain that she never had a Providian credit card, and that the funds in her bank account were exempt from collection. Each time Plaintiff reached a representative at Defendant's firm, the person yelled at Plaintiff, and/or made abusive remarks, including the following: "You are a dead beat;" "You've got problems, lady;" "You deserve to go to jail for debting;" and "I don't care what kind of dead beat life you got, I don't have time to deal with you." Eventually, the representative would hang up on Plaintiff.

27. Some of these conversations were conducted on a speakerphone in the presence of a bank manager at Plaintiff's bank.

28. On November 15, 2006, an attorney from MFY Legal Services contacted Cohen & Slamowitz and faxed the firm proof of Plaintiff DuBois's exempt income. Cohen & Slamowitz refused to lift the restraint.

29. On November 17, 2006, an attorney from MFY Legal Services filed an order to show cause in Rye civil court to vacate the default judgment. The Friday before the December 4, 2006 hearing date, an attorney from Cohen & Slamowitz agreed to stipulate to vacate the default judgment.

30. On December 1, 2006, Cohen & Slamowitz sent a letter to Plaintiff's bank explaining that the restraining notice had been issued in error. Plaintiff's bank account finally was released.

31. Plaintiff's bank charged her several fees.

32. On March 12, 2007, Metro Portfolios, Inc. agreed to dismiss the case against Anne DuBois with prejudice.

*Effect on Plaintiff*

33. Plaintiff suffers from severe mental illness. The stress of being sued for a credit card that she never owned, having her bank accounts frozen for several weeks, and being verbally abused on the phone was debilitating for her. Plaintiff suffered tremendous stress at work because she felt she could not tell anyone what she was going through for fear of being stigmatized. She feared she would wind up in the hospital because of the tremendous stress she was under, and she sought medical attention from her psychiatrist,

who had to prescribe her additional medication. Plaintiff continues to have a lingering sense of distrust and fear of losing access to her money again.

34. As a result of the acts alleged above, Plaintiff suffered headaches, depression, anxiety attacks, sleeplessness, and embarrassment, and she incurred bank fees, check-cashing fees, expenses for additional medication and doctor's visits, and damage to her credit.

### FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA against Defendants Metro Portfolios, Inc. and Cohen & Slamowitz, LLP)

35. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

36. Defendants Metro Portfolios, Inc. and Cohen & Slamowitz, LLP violated the FDCPA by engaging in abusive, deceptive, and unfair practices. Defendants' violations include, but are not limited to the following:

    a.    Defendants violated 15 U.S.C. § 1692i(2) by bringing legal action in the wrong venue;

    b.    Defendants violated 15 U.S.C. §§ 1692e, 1692e(4) and 1692e(10) by using false, deceptive, and misleading representations to assert personal jurisdiction over Plaintiff and obtain a default judgment against her when they knew or should have known that Plaintiff was not served with court process, and by using this default judgment to unlawfully restrain Plaintiff's bank accounts in an attempt to collect an alleged debt;

c. Defendants violated 15 U.S.C. § 1692e(2)(A), by making a false representation about the character, amount, or legal status of a debt by filing a lawsuit against Plaintiff and attempting to collect a debt from Plaintiff that was not actually due;

d. Defendants violated 15 U.S.C. § 1692e(5), by taking action that could not legally be taken by entering a default judgment against Plaintiff when they knew or should have known that Plaintiff was not served with court process, and by unlawfully attempting to collect a debt on behalf of or as an unlicensed debt collector, as required by New York City Admin. Code § 20-490; and

e. Defendants violated 15 U.S.C. § 1692f by using unfair means to attempt to collect a debt by entering a default judgment against Plaintiff when they knew or should have known that Plaintiff was not served with court process, and by unlawfully restraining Plaintiff's exempt funds, and by attempting to collect a debt on behalf of or as an unlicensed debt collector, as required by New York City Admin. Code § 20-490, and by verbally harassing and abusing Plaintiff.

37. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and for actual damages, statutory damages, costs, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
**(Violations of the FDCPA against Defendant Cohen & Slamowitz, LLP)**

38. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

39. Defendant Cohen & Slamowitz violated the FDCPA by engaging in abusive, deceptive, and unfair practices. Defendant's violations include, but are not limited to the following:

    a. Defendant violated 15 U.S.C. § 1692d by engaging in harassing and abusive debt collection practices by verbally disparaging Plaintiff and by hanging up on her, and by continuing to restrain her bank accounts, despite knowing of the existence of exempt funds;

    b. Defendant violated 15 U.S.C. § 1692d(2) by using obscene or profane language, the natural consequence of which was to abuse Plaintiff; and

    c. Defendant violated 15 U.S.C. § 1692e(4), by making false representations that Plaintiff's failure to pay the alleged debt could result in her being jailed.

40. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and for actual damages, statutory damages, costs, and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (General Business Law § 349)

41. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

42. Defendants violated New York's General Business Law § 349 by using deceptive acts and practices in the conduct of their business by unlawfully filing suit against Plaintiff, by improperly serving her with court process, by attempting to collect an alleged debt from Plaintiff on behalf of or as an unlicensed debt collector, by entering a default judgment against Plaintiff when they knew or should have known that Plaintiff

was not served with court process, and by verbally abusing her in an attempt to collect an alleged debt.

43. Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress and fees.

## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

44. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

45. Defendants' acts described herein constitute extreme and outrageous conduct in violation of normal standards of decency and were without justification.

46. Defendants knew or should have known that such extreme and outrageous conduct would cause severe emotional distress in Plaintiff.

47. By their actions, Defendants caused Plaintiff to suffer humiliation, mental anguish, and extreme mental and physical distress, for which she is entitled to relief.

## FIFTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

48. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

49. Defendants' acts described herein constitute extreme and outrageous conduct in violation of normal standards of decency, and were without justification.

50. Defendants carelessly and negligently inflicted emotional distress on Plaintiff through a wanton and reckless campaign of harassment and intimidation.

51. Defendants caused Plaintiff to suffer humiliation, mental anguish, and extreme mental and physical distress, for which she is entitled to relief.

## SIXTH CLAIM FOR RELIEF
### (Negligence)

52. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

53. Defendants owed Plaintiff ordinary or reasonable care to avoid injury to Plaintiff, and breached that duty of care.

54. Defendants' negligence was a cause of injury, damage, or loss to Plaintiff, for which she is entitled to relief.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants for the following:

a.   declaratory judgment that the conduct of Defendants Cohen & Slamowitz, LLP and Metro Portfolios, Inc. violated the FDCPA;

b.   injunctive relief;

c.   actual damages;

d.   statutory damages;

e.   punitive damages;

f.   costs and reasonable attorneys' fees;

g.   and any other relief that the Court deems appropriate and just under the circumstances.

## DEMAND FOR A JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated: New York, New York
       August 30, 2007

                                      Respectfully submitted,

                                      */s/ Carolyn E. Coffey*

                                      Carolyn E. Coffey, Esq. (CC6741)
                                      Of Counsel to
                                      Lynn M. Kelly, Esq.
                                      Attorneys for Plaintiffs
                                      MFY Legal Services, Inc.
                                      299 Broadway, 4th Floor
                                      New York, New York 10007
                                      (212) 417-3701