UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ANNE E. DUBOIS,

                Plaintiff,

- against -

COHEN & SLAMOWITZ, LLP, METRO
PORTFOLIOS, INC., J & E PROCESS SERVICES
INC., and ROBERTO LAGOS,

                Defendants.
------------------------------------------X

ECF Case
Civil Action No.
07 CV 7739 (LLS)(DFE)

ANSWER

      Defendant J & E Process Services, Inc. ("J&E"), by its attorneys, Jones Hirsch Connors & Bull P.C., as and for its Answer to the Complaint, states:

      1.  Denies the allegations of paragraph 1 to the extent alleged against J&E.

      2.  Upon information and belief, admits the allegations of paragraphs 2 and 3 of the Complaint.

      3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4-7 of the Complaint.

      4.  Admits the allegations of paragraph 8 of the Complaint in that J&E is in the business of service of legal process.

      5.  Denies the allegations of paragraph 9 of the Complaint.

      6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 10-18 of the Complaint.

7. Denies the allegations of paragraph 19 of the Complaint.

8. Admits the allegations of paragraph 20 which states some of the methods for service upon a natural person.

9. Denies the allegations of paragraph 21 of the Complaint and respectfully refers the Court to the original or a true copy of the referenced affidavit of service for its contents.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

11. Denies the allegations of paragraph 23 of the Complaint except admits that the facility at the referenced address was at one time a Mailboxes, Etc. facility.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 24 and 25 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 26-32 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 33 and 34 of the Complaint.

ANSWERING THE FIRST CLAIM FOR RELIEF

15. For its response to paragraph 35 of the Complaint, J&E repeats and realleges each and every response contained in paragraphs 1-14 of this Answer.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 36 and 37 of the Complaint.

ANSWERING THE SECOND CLAIM FOR RELIEF

17. For its response to paragraph 38 of the Complaint, J&E repeats and realleges each and every response contained in paragraphs 1-16 of this Answer.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 39 and 40 of the Complaint.

ANSWERING THE THIRD CLAIM FOR RELIEF

19. For its response to paragraph 41 of the Complaint, J&E repeats and realleges each and every response contained in paragraphs 1-18 of this Answer.

20. Denies the allegations of paragraphs 42 and 43 of the Complaint to the extent alleged against J&E and denies knowledge or information sufficient to form a belief as to the truth of the allegations of those paragraphs to the extent alleged against the other defendants.

ANSWERING THE FOURTH CLAIM FOR RELIEF

21. For its response to paragraph 44 of the Complaint, J&E repeats and realleges each and every response contained in paragraphs 1-20 of this Answer.

22. Denies the allegations of paragraphs 45-47 of the Complaint.

ANSWERING THE FIFTH CLAIM FOR RELIEF

23. For its response to paragraph 48 of the Complaint, J&E repeats and realleges each and every response contained in paragraphs 1-22 of this Answer.

24. Denies the allegations of paragraphs 49-51 of the Complaint.

ANSWERING THE SIXTH CLAIM FOR RELIEF

25. For its response to paragraph 52 of the Complaint, J&E repeats and realleges each and every response contained in paragraphs 1-24 of this Answer.

26. Denies the allegations of paragraphs 52-54 of the Complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. The damages, if any, suffered by plaintiff may have been caused in part by the culpable conduct of plaintiff, and accordingly the amount of damages recoverable, if any, by plaintiff shall be diminished in the proportion which the

culpable conduct attributable to plaintiff bears to the total culpable conduct which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. Any award of damages to the plaintiff shall be reduced, pursuant to CPLR 4545(c), by the amount of any item of damages which has been, or will, with reasonable certainty, be, replaced or indemnified from a collateral source.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Any liability of defendant J & E to the plaintiff is limited by the provisions of Article 16 of the CPLR.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. One or more of the plaintiff's claims may be barred by an applicable statute of limitations.

### AS AND FOR A CROSS-CLAIM AGAINST THE OTHER DEFENDANTS

31. If defendant J & E is found liable to plaintiff, then defendant J & E may be entitled to contribution or indemnification from one or more of the other defendants or to apportionment of the plaintiff's damages among the defendants in accordance with each defendant's equitable share of any judgment awarded.

WHEREFORE, Defendant J & E Process Services, Inc. respectfully requests entry of a judgment:

    A.    Dismissing the Complaint with prejudice to the extent alleged against J&E; or, in the alternative,

  B. Entering judgment in accordance with J&E's affirmative defenses and cross-claim; and

  C. Granting J&E such other and further relief as may be just and proper.

Dated: New York, New York
    October 26, 2007

            JONES HIRSCH CONNORS & BULL P.C.
            Attorneys for Defendant
            J & E Process Services, Inc.
            One Battery Park Plaza, 28th Fl.
            New York, NY 10004
            (212) 527-1000

          By: _____
            Richard Imbrogno (RI-8476)