UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ANNE A. DUBOIS,

                Index No. 07 CV 7739(LLS)(DFE)

      Plaintiff

  -against-


COHEN & SLAMOWITZ, LLP., METRO
PORTFOLIOS, INC., J & E PROCESS
SERVICES, INC. and ROBERTO LAGOS,

      Defendants.
---------------------------------------------------------------------X

**ANSWER OF COHEN & SLAMOWITZ, LLP. and METRO PORTFOLIOS, INC.
WITH AFFIRMATIVE DEFENSE, CROSS-CLAIM AGAINST J&E PROCESS
SERVICES, INC., and REPLY TO CROSS-CLAIM OF J&E PROCESS SERVICES, INC.**

  Defendants Cohen & Slamowitz, LLP. and Metro Portfolios, Inc. (hereinafter collectively "the Defendants" or separately "C&S" and "Metro"), by and through their counsel, The Law Offices of Michael G. Mc Auliffe, Esq., as and for their Answer to the Plaintiff's Complaint dated August 30, 2007, respectfully set forth and represent as follows:

  1.  Deny the allegations contained in paragraphs 26, 36, 37, 39, 40, 42, 43, 45, 46, 47, 49, 50, 51, 53, 54 and the "Wherefore Clause" of the Complaint.

  2.  Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 4, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 22, 23, 24, 25, 27, 31, 33 and 34 of the Complaint.

  3.  Admit the allegations contained in paragraphs 5, 7, 10, 29, 30 and 32 of the Complaint.

4. With regard to the allegations set forth in paragraphs 2, 3, and 20 of the Complaint, Defendants submit that said paragraphs call for legal conclusions, and accordingly, refer all matters of law and legal interpretation to the Court. To the extent that a response is required, Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth therein.

5. With regard to the allegations set forth in paragraph 6 of the Complaint, Defendant, C&S, admits that they are a limited liability partnership and that they are regularly engaged in the business of collecting consumer debts. Defendant, C&S denies that all of its clients are debt collectors.

6. With regard to the allegations set forth in paragraph 17 of the Complaint, Defendants admit that a judgment was entered against Plaintiff in favor of Metro Portfolios, Inc.. Defendants deny knowledge and information sufficient to form a belief as to all other allegations set forth therein

7. With regard to the allegations set forth in paragraph 21 of the Complaint, Defendants submit that said document speaks for itself and refer all matters of law and legal interpretation to the Court. To the extent that a response is required, Defendants deny knowledge and information sufficient to form a belief as to all other allegations set forth therein.

8. With regard to the allegations set forth in paragraph 28 of the Complaint, Defendants admit that an Attorney from MFY Legal Services contacted them but deny knowledge and information sufficient to form a belief as to all other allegations set forth therein

9. Defendants repeat, and reiterate the responses to the allegations set forth and referenced in paragraphs 35, 38, 41, 44, 48 and 52 of the Complaint herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10.The causes of action set forth in the Complaint fail to state a claim upon which relief may be granted.

11.By virtue of the foregoing, the Complaint should be dismissed, with prejudice.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12.The damages, if any, suffered by Plaintiff may have been caused by the culpable conduct of Plaintiff, and accordingly the amount of damages recoverable, if any, by Plaintiff shall be diminished in the proportion which the culpable attributable to Plaintiff bears to the total culpable conduct which caused damage

### AS AND FOR A CROSS-CLAIM AGAINST J&E PROCESS SERVICES, INC.

13.If the Plaintiff has incurred any damages as alleged, which damages are expressly denied, such damages were caused by reason of the negligence, carelessness and culpable conduct of J&E and/or Defendant Roberto Lagos, without any culpable conduct on the part of the Defendants contributing thereto. By reason of the foregoing, the Defendants will be entitled to contribution and/or common law indemnification from, and to have judgment over against J&E and Roberto Lagos for all or part of any damages they may suffer on account of the occurrence mentioned in plaintiff's complaint, together with reimbursement for disbursements, costs, and attorneys' fees incurred in the defense of this action.

### REPLY TO CROSS-CLAIM OF J&E PROCESS SERVICES, INC.

14.Defendants Deny each and every allegation contained in paragraph 31 in the J&E Answer.

15.By virtue of the foregoing, the relief requested by Defendant J&E should be denied in its entirety.

3

**WHEREFORE,** Defendants respectfully demand judgment dismissing the Complaint herein in its entirety, and granting Defendant judgment on its cross-claim, together with such other, further and different relief as this Court deems just and proper.

Dated:  Melville, New York
November 5, 2007

> Law Offices of Michael G. Mc Auliffe, Esq.
> Counsel to Cohen & Slamowitz, LLP. and
> Metro Portfolios, Inc.

By:     */s/ Michael G, Mc Auliffe*
Michael G. Mc Auliffe, Esq.
48 South Service Road, Suite 102
Melville, New York 11747
(631) 465-0044